SEAN M. NOVAK, ESQ. (State Bar No.  198307)
**THE NOVAK LAW FIRM, P.C.**
8383 Wilshire Boulevard, Suite #634
Beverly Hills, California 90211
Telephone: (323) 424-4313
Facsimile: (323) 424-4357

Attorneys for Plaintiffs
JUDY EDWARDS and
ARMOUR EDWARDS

## IN THE UNITED STATES DISTRICT COURT-

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY EDWARDS; ARMOUR EDWARDS, | Case No.  2:20-cv-395 |
| Plaintiffs, | **PLAINTIFFS' COMPLAINT FOR DAMAGES:** |
| vs. | **1. PREMISES LIABILITY;** |
| | **2. STRICT PRODUCTS LIABILITY- FAILURE TO WARN;** |
| PRINCESS CRUISE LINES, LTD, dba PRINCESS CRUISES; and Does 1 through 99, inclusive. | **3. STRICT PRODUCTS LIABILITY- NEGLIGENCE;** |
| | **4. BREACH OF EXPRESS WARRANTY;** |
| Defendants. | **5. BREACH OF IMPLIED WARRANTY;** |
| | **6. FRAUD;** |
| | **7. NEGLIGENCE;** |
| | **[DEMAND FOR TRIAL BY JURY]** |

**COMES NOW** Plaintiffs JUDY EDWARDS and ARMOUR EDWARDS and alleging as follows:

## JURISDICTION

1.     This Court has Jurisdiction of the dispute pursuant to 28 U.S. Code §1333 et seq. as the matter relates to injuries sustained by Plaintiffs while passengers on a maritime vessel.

/ / /

-1-
**COMPLAINT FOR DAMAGES**

**THE PARTIES**

2.      At all relevant times Plaintiffs JUDY EDWARDS and ARMOUR EDWARDS (hereinafter referred to individually or collectively as "Plaintiffs"). Plaintiffs are residents of the State of California, living in the County of Los Angeles in the State of California.

3.      Plaintiffs are informed and believe, and thereon alleges, that at all times mentioned herein, defendant PRINCESS CRUISE LINES, LTD, dba PRINCESS CRUISES (hereinafter referred to as "PRINCESS") was and is an entity, business form unknown, authorized to conduct business, and conducting business, in the State of California, with a principal place of business located in the County of Los Angeles, State of California.

4.      The true names or capacities, whether individual, corporate, associate or otherwise, of the defendants designated herein as DOES 1 to 99, inclusive, are unknown to Plaintiffs, who therefore sues said defendants by such fictitious names, and Plaintiffs will seek leave to amend this Complaint at such time as the true names and/or capacities are ascertained.  Plaintiffs is informed and believes, and thereon alleges, that each of the defendants designated herein as a DOE is negligently, wantonly, recklessly, tortiously, and unlawfully responsible in some manner for the events and happenings herein referred to and proximately caused injury and damages to Plaintiffs as herein alleged.  Alternatively, that some of the said DOES may be an heir-at-law presently unknown to Plaintiffs. Plaintiffs hereafter asks leave of Court to amend this Complaint to show said defendants' true names and capacities after the same have been ascertained.

5.      Plaintiffs are informed and believe, and thereon alleges, that at all times herein mentioned defendants PRINCESS and DOES 1 to 99, inclusive, and each of them, were the agents, representatives and/or employees of each other and were acting within the purpose and scope of their agency.  The acts and conduct alleged herein of each such defendant were known to, authorized and ratified by each such defendant.  It is further alleged, in the alternative, that some or each of the defendants acted at times independently of all other defendants to cause damage and injury to Plaintiffs.

6.    Plaintiffs are informed and believe, and thereon alleges, that at all times herein mentioned defendants PRINCESS and DOES 1 to 99, inclusive, and each of them, were the agents, representatives and/or employees of each other and were acting within the purpose and scope of their agency.  The acts and conduct alleged herein of each such defendant were known to, authorized and ratified by each such defendant.  It is further alleged, in the alternative, that some or each of the defendants acted at times independently of all other defendants to cause damage and injury to Plaintiffs.

7.    Plaintiffs is informed and believes, and thereon alleges, that at all times herein mentioned, the Defendants, and each of them, were engaged in a joint venture and common enterprise and were acting within the scope of and in pursuance of the joint venture and common enterprise.

## STATEMENT OF CASE

8.    Plaintiffs are informed and believe, and thereon allege, that at all relevant times commencing in or about January 5, 2018 dangerous and defective food products were designed, prepared, manufactured, labeled, packaged, advertised, distributed and placed into the stream of commerce for sale in the State of California by defendants, and each of them.

9.    Plaintiffs are informed and believe, and thereon allege, that between January 5, 2018 and January 20, 2018 Plaintiffs purchased defendants' dangerous, defective, contaminated, tainted, spoiled and unsafe food product/products distributed and sold on defendants' premises identified as the "Coral Princess" cruise ship originating from Long Beach Harbor in the County of Los Angeles, California.

10.  On or about January 16, 2019 Plaintiffs first became ill, and sustained serious and life-threatening injuries, including but not limited to injuries from exposure to viruses and disease carrying pestilence, and contaminated food sold and provided to Plaintiffs by defendants.

11.    After consuming the dangerous, defective, contaminated, tainted, spoiled and unsafe food product/products that were designed, manufactured, labeled, packaged,

**COMPLAINT FOR DAMAGES**

1   advertised, distributed  and placed into the stream of commerce for sale by defendants, and

2   each of them.

3       12.  Plaintiffs are informed and believe, and thereon alleges, that said serious illness

4   and injuries were caused by their exposure to contaminated substances and/or

5   consumption/ingestion of dangerous, defective, contaminated, tainted, spoiled and unsafe

6   food product/products, that were designed, manufactured, labeled, packaged, advertised,

7   distributed  and placed into the stream of commerce for sale by defendants, and each of

8   them.

9       13.  Plaintiffs are informed and believe, and thereon alleges, that said serious illness

10  and injuries were caused solely by their consumption/ingestion of the dangerous, defective,

11  contaminated, tainted, spoiled and unsafe food product/products, that were designed,

12  manufactured, labeled, packaged, advertised, distributed  and placed into the stream of

13  commerce for sale by defendants, and each of them.

14                          **FIRST CAUSE OF ACTION**

15                          **PREMISES LIABILITY**

16                          (Alleged Against All Defendants)

17      14.   Plaintiffs incorporate herein by reference all the allegations set forth in

18  Paragraphs 1 through 13, inclusive, in their entirety as if fully set forth herein and with the

19  same force and effect.  All allegations hereinafter alleged in this Complaint are further

20  incorporated into this cause of action in their entirety.

21      15.   At all times herein mentioned, the Defendants, and each of them, owned,

22  operated, leased, rented, possessed, constructed, maintained, managed, repaired, occupied,

23  controlled, patrolled and provided security upon their vessel, the "Coral Princess", upon

24  which Plaintiffs were passengers and which was being operated upon navigable waters.

25      16.   Commencing on or about January 5, 2018, Plaintiffs were lawful passengers

26  on the defendants' vessel the "Coral Princess" (hereinafter "The Vessel" or "The Coral

27  Princess"), which is owned and operated by Defendant PRINCESS.  On or about January

28  16, 2018, Plaintiffs each reported developing illness to defendants.

**COMPLAINT FOR DAMAGES**

17.     The Defendants, their servants, employees and agents, and each of them, negligently and carelessly failed to keep said vessel, secure, free from hazard, and staffed by an adequate number of properly trained security personnel to maintain sufficient security for the premises and to make the premises safe for reasonably foreseeable users. Defendants, their agents and/or employees, also negligently failed to adequately retain, hire, train, supervise, allocate, inform, advise, equip and station an adequate number of security personnel for the business engaged in on the premises, and failed to adequately respond to the occurrence of the contaminations of the premises, and food on the premises, so as to prevent or mitigate the subsequent violence.

18.      As a direct and proximate result of said negligence and carelessness of Defendants, and each of them, Plaintiffs suffered bodily injury as a result while onboard defendants' vessel which was upon navigable waters.

19.     That the Defendants, and each of them, knew, or in the exercise of reasonable care should have known, that they did not have adequately trained, staffed, allocated, positioned, equipped and informed personnel to operate the subject premises given the nature of the business conducted thereon.  Defendants, and each of them, were aware of said deficiencies for a sufficient period of time prior to the Plaintiffs' injuries to have taken reasonable action to remedy said condition so as to avoid the harm caused to Plaintiffs.

20.     As a direct and proximate result of the said negligence of the defendants, and each of them, Plaintiffs were hurt and injured in Plaintiffs' nervous system and person, all of which said injuries caused and continue to cause Plaintiffs great mental, physical and nervous pain and suffering.  Plaintiffs are informed and believe, and thereby alleges, that said injuries have resulted in general damages in an amount in excess of the minimum jurisdictional limits of this court.

21.     That as a further direct and proximate result of the carelessness and recklessness of the defendants, and each of them, as aforesaid, Plaintiffs have incurred x-ray, medical, and sundry expenses in the examination, care and treatment of Plaintiffs' injuries, the exact nature and extent of which are unknown to Plaintiffs at this time, and

**COMPLAINT FOR DAMAGES**

1 | Plaintiffs will ask leave of the Court to amend the Complaint in this regard when the same
2 | are ascertained.

3 |      22.     That as a further direct and proximate result of the conduct of the defendants,
4 | and each of them, as aforesaid, Plaintiffs have been and will be unable to pursue their
5 | vocation and have, therefore, suffered and will in the future suffer a loss of earnings and
6 | earning capacity and loss of profits, the exact amount of which is unknown to Plaintiffs at
7 | this time, and Plaintiffs will ask leave of Court to amend the Complaint in this regard when
8 | the same is ascertained.

9 | **<u>SECOND CAUSE OF ACTION</u>**

10 | **(STRICT PRODUCTS LIABILITY-FAILURE TO WARN)**

11 | (Alleged Against All Defendants)

12 |      23.     Plaintiffs incorporate herein by reference all the allegations set forth in
13 | paragraphs 1 through 22, inclusive, in their entirety as if fully set forth herein and with the
14 | same force and effect.

15 |      24.     At all relevant times defendants, and each of them, designed,  manufactured,
16 | labeled, packaged, advertised, distributed  and placed into the stream of commerce for sale
17 | in the State of California dangerous, defective, contaminated, tainted, spoiled and unsafe
18 | food product/products, that were designed, manufactured, labeled, packaged, advertised,
19 | distributed  and placed into the stream of commerce for sale by defendants, and each of
20 | them.  Defendants misrepresented to the public, including Plaintiffs, that said products were
21 | safe and free from defect or contamination.  Defendants further misrepresented to the
22 | public, including Plaintiffs, that the product was safe for consumption.

23 |      25.     Defendants, and each of them, failed to disclose to the public, including
24 | Plaintiffs, that the products were harmful, unfit for human consumption, and were
25 | contaminated and tainted with a harmful and virulent strain of Norovirus, E. coli bacteria,
26 | salmonella or other known harmful contaminants.  These are known harmful food
27 | contaminants, and defendants, and each of them, failed to disclose to the public, including
28 | Plaintiffs, that ingestion of the contaminated products posed a serious health risk.

**COMPLAINT FOR DAMAGES**

26.   Defendants, and each of them, further concealed or failed to warn the public, including Plaintiffs, that individuals that ingested or consumed the contaminated and tainted products faced a substantial risk of suffering severe and permanent negative injuries, including the risk of death.

27.   At all relevant times, defendants and each of them, owed a duty to Plaintiffs as a consumer of defendants' products to warn Plaintiffs that said products were dangerous, contaminated, unsafe and unfit for consumption.  Defendants also had an obligation to warn Plaintiffs of the potential adverse and dangerous adverse effects of ingestion or consumption of the subject contaminated and tainted products.  Defendants, and each of them, breached said duty by failing to provide reasonable and necessary warnings to Plaintiffs.

28.   Plaintiffs are informed and believe, and thereon alleges, that the misconduct of defendants, and each of them, is the proximate cause of all damages to Plaintiffs herein alleged.  The full nature and extent of Plaintiffs' injuries and damages are not presently known, and Plaintiffs shall seek leave to amend to include further and additional damages at a later time.

29.   As a direct and proximate result of the misconduct of the defendants, and each of them, Plaintiffs were seriously injured in health, strength and activity, sustaining injury to the body and shock and injury to the nervous system and person, all of which said injuries have caused, and continue to cause Plaintiffs great physical, mental and nervous pain, suffering and anguish, all to their general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law.  Accordingly, Plaintiffs will also seek prejudgment interest for all such damages.

30.   As a further direct and proximate result of the misconduct of the defendants, and each of them, Plaintiffs were required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for him, and did incur medical and incidental expenses.  The exact amount of such expenses are unknown to Plaintiffs at this

**COMPLAINT FOR DAMAGES**

1    time, and Plaintiffs will ask leave to amend their Complaint to set forth the exact amount

2    thereof when the same is ascertained.

3          31.    As a further direct and proximate result of the misconduct of the Defendants,

4    and each of them, Plaintiffs sustained loss of earnings and earning capacity.  The exact

5    amount of such loss is unknown to Plaintiffs at this time, and Plaintiffs will ask leave to

6    amend their Complaint to set forth the exact amount thereof when the same is ascertained.

7          32.  As a matter of law Plaintiffs are entitled to the imposition of punitive and

8    exemplary damages against said defendants, and each of them, in an amount sufficient to

9    punish and make an example of them.  The exact amount of such damages are presently

10   unknown to Plaintiffs, but will be subject to proof at trial.

11                              **THIRD CAUSE OF ACTION**

12                  **(STRICT PRODUCTS LIABILITY-NEGLIGENCE)**

13                        (Alleged Against All Defendants)

14         33.  Plaintiffs incorporate herein by reference all the allegations set forth in

15   paragraphs 1 through 32, inclusive, in their entirety as if fully set forth herein and with the

16   same force and effect.

17         34.  At all relevant times, defendants and each of them, owed a duty to Plaintiffs as

18   consumers of defendants' product to sell Plaintiffs products free from defect or danger.

19   Defendants, and each of them, breached said duty by negligently placing into the stream of

20   commerce and selling to Plaintiffs a dangerous and defective products that were unfit for its

21   intended use or purpose.

22         35.  Plaintiffs are informed and believes, and thereon alleges, that the misconduct of

23   defendants, and each of them, is the proximate cause of all damages to Plaintiffs herein

24   alleged.  The full nature and extent of Plaintiffs' injuries and damages are not presently

25   known, and Plaintiffs shall seek leave to amend to include further and additional damages

26   at a later time.

27         36.    As a direct and proximate result of the negligence of the defendants, and each

28   of them, Plaintiffs were seriously injured in health, strength and activity, sustaining injury

to the body and shock and injury to the nervous system and person, all of which said injuries have caused, and continue to cause Plaintiffs great physical, mental and nervous pain, suffering and anguish, all to her general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law.  Accordingly, Plaintiffs will also seek prejudgment interest for all such damages.

37.    As a further direct and proximate result of the negligence of the defendants, and each of them, Plaintiffs was required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for him, and did incur medical and incidental expenses.  The exact amount of such expenses are unknown to Plaintiffs at this time, and Plaintiffs will ask leave to amend their Complaint to set forth the exact amount thereof when the same is ascertained.

38.    As a further direct and proximate result of the negligence of the defendants, and each of them, Plaintiffs sustained loss of earnings and earning capacity.  The exact amount of such loss is unknown to Plaintiffs at this time, and Plaintiffs will ask leave to amend their Complaint to set forth the exact amount thereof when the same is ascertained.

39.    As a matter of law Plaintiffs are entitled to the imposition of punitive and exemplary damages against said defendants, and each of them, in an amount sufficient to punish and make an example of them.  The exact amount of such damages are presently unknown to Plaintiffs, but will be subject to proof at trial.

**FOURTH CAUSE OF ACTION**

**(BREACH OF EXPRESS WARRANTY)**

(Alleged Against All Defendants)

40.  Plaintiffs incorporate herein by reference all the allegations set forth in paragraphs 1 through 39, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

41.  At all relevant times, defendants and each of them, expressly warranted to Plaintiffs that the subject products were safe for use and consumption.

42.  Defendants, and each of them, breached said express warranties by designing,

**COMPLAINT FOR DAMAGES**

1  manufacturing, marketing, distributing and selling a dangerous and defective product that

2  was unsafe for use and/or consumption.

3      43.  Plaintiffs are informed and believe, and thereon alleges, that the misconduct of

4  defendants, and each of them, is the proximate cause of all damages to Plaintiffs herein

5  alleged.  The full nature and extent of Plaintiffs' injuries and damages are not presently

6  known, and Plaintiffs shall seek leave to amend to include further and additional damages

7  at a later time.

8      44.  As a direct and proximate result of the breach of express warranties made by

9  defendants, and each of them, Plaintiffs were seriously injured in health, strength and

10  activity, sustaining injury to the body and shock and injury to the nervous system and

11  person, all of which said injuries have caused, and continue to cause Plaintiffs great

12  physical, mental and nervous pain, suffering and anguish, all to their general damage in a

13  sum in excess of the minimal jurisdictional requirements of this Court to be determined at

14  some future date, according to law.  Accordingly, Plaintiffs will also seek prejudgment

15  interest for all such damages.

16      45.  As a further direct and proximate result of the breach of express warranties

17  made by defendants, and each of them, Plaintiffs were required to, and did, employ

18  physicians, surgeons and other health care practitioners to examine, treat and care for him,

19  and did incur medical and incidental expenses.  The exact amount of such expenses are un-

20  known to Plaintiffs at this time, and Plaintiffs will ask leave to amend their Complaint to

21  set forth the exact amount thereof when the same is ascertained.

22      46.  As a further direct and proximate result of the breach of express warranties

23  made by defendants, and each of them, Plaintiffs sustained loss of earnings and earning

24  capacity.  The exact amount of such loss is unknown to Plaintiffs at this time, and Plaintiffs

25  will ask leave to amend their Complaint to set forth the exact amount thereof when the

26  same is ascertained.

27      47.  As a matter of law Plaintiffs are entitled to the imposition of punitive and

28  exemplary damages against said defendants, and each of them, in an amount sufficient to

-10-

**COMPLAINT FOR DAMAGES**

1  punish and make an example of them.  The exact amount of such damages are presently

2  unknown to Plaintiffs, but will be subject to proof at trial.

3                          **FIFTH CAUSE OF ACTION**

4                     **(BREACH OF IMPLIED WARRANTY)**

5                        (Alleged Against All Defendants)

6        48.  Plaintiffs incorporate herein by reference all the allegations set forth in

7  paragraphs 1 through 47, inclusive, in their entirety as if fully set forth herein and with the

8  same force and effect.

9        49.  At all relevant times, defendants and each of them, by placing the subject

10  products into the stream of commerce impliedly warranted to Plaintiffs that the subject

11  products were free from contamination, and were safe for use and consumption.

12       50.  Defendants, and each of them, breached said implied warranties by designing,

13  manufacturing, marketing, distributing and selling a dangerous and defective product that

14  was unsafe for use and/or consumption.

15       51.  Plaintiffs are informed and believes, and thereon alleges, that the misconduct of

16  defendants, and each of them, is the proximate cause of all damages to Plaintiffs herein

17  alleged.  The full nature and extent of Plaintiffs' injuries and damages are not presently

18  known, and Plaintiffs shall seek leave to amend to include further and additional damages

19  at a later time.

20       52.    As a direct and proximate result of the breach of implied warranties made by

21  defendants, and each of them, Plaintiffs were seriously injured in health, strength and

22  activity, sustaining injury to the body and shock and injury to the nervous system and

23  person, all of which said injuries have caused, and continue to cause Plaintiffs great

24  physical, mental and nervous pain, suffering and anguish, all to their general damage in a

25  sum in excess of the minimal jurisdictional requirements of this Court to be determined at

26  some future date, according to law.  Accordingly, Plaintiffs will also seek prejudgment

27  interest for all such damages.

28  / / /

**COMPLAINT FOR DAMAGES**

53.     As a further direct and proximate result of the breach of implied warranties made by defendants, and each of them, Plaintiffs were required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for him, and did incur medical and incidental expenses.  The exact amount of such expenses are un-known to Plaintiffs at this time, and Plaintiffs will ask leave to amend their Complaint to set forth the exact amount thereof when the same is ascertained.

54.     As a further direct and proximate result of the breach of implied warranties made by defendants, and each of them, Plaintiffs sustained loss of earnings and earning capacity.  The exact amount of such loss is unknown to Plaintiffs at this time, and Plaintiffs will ask leave to amend their Complaint to set forth the exact amount thereof when the same is ascertained.

55.     As a matter of law Plaintiffs are entitled to the imposition of punitive and exemplary damages against said defendants, and each of them, in an amount sufficient to punish and make an example of them.  The exact amount of such damages are presently unknown to Plaintiffs, but will be subject to proof at trial.

<u>**SIXTH CAUSE OF ACTION**</u>

**(FRAUD/DECEIT)**

(Alleged Against All Defendants)

56.  Plaintiffs incorporate herein by reference all the allegations set forth in paragraphs 1 through 55, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

57.  At all relevant times, defendants were operating a cruise ship for the purpose of transporting passengers.  Between January 5, 2018 and January 20, 2018, defendants became aware that airborne and foodborne bacteria/viruses had contaminated the premises and food contained thereupon.  During this relevant time period, defendants by and through their authorized agents and medical staff, actively concealed from Plaintiffs the nature and extent of the infestation/contamination of the air, surfaces and food on the defendants' premises.

**COMPLAINT FOR DAMAGES**

58.   Furthermore, defendants in the manufacturing, marketing and distribution at the retail level to the public of the premises and food products materially misrepresented to the public, including Plaintiffs, that the subject products were safe and free from contamination.  Commencing on or about January 5, 2018 defendants, and each of them, knew or should have known that their premises and food products were contaminated with a dangerous and virulent strain of Norovirus, E. coli bacteria, salmonella and/or other food contaminants.  In spite of this knowledge, defendants intentionally concealed this information from the public, including Plaintiffs.

59.   Plaintiffs is informed and believes that defendants, and each of them, at all relevant times concealed from the public, including Plaintiffs, that the products were in fact ineffective, harmful, unfit for human consumption, contaminated and tainted. Furthermore, defendants actively concealed from the public, including Plaintiffs, that ingestion of the substances posed a serious health risk.

60.   Defendants, and each of them, further actively concealed from the public, including Plaintiffs, that persons that consumed the contaminated products faced a substantial risk of suffering severe and permanent negative side effects, including the risk of death.

61.     At the time defendants, and each of them, made all of the above-referenced intentional fraudulent and deceitful misrepresentations to the public, including Plaintiffs, said defendants **knew** said misrepresentations to be false. Said actions were performed with the sole intent of deceiving members of the public, including Plaintiffs.

62.   Defendants also intentionally sought to deprive, and deprived Plaintiffs of their legal rights and rights to property, and induced the Plaintiffs to act in detrimental reliance on these misrepresentations in the manner hereinafter alleged, or with the expectation that Plaintiffs would so act. Plaintiffs relied and continues to rely on the express fraudulent misrepresentations of fact by defendants, and each of them, to their detriment and injury. The misrepresentations by defendants have also caused Plaintiffs to delay prosecution of their legal rights under the instant action, all to the detriment of Plaintiffs.

**COMPLAINT FOR DAMAGES**

63.   As a direct result of the fraudulent and wrongful conduct of defendants, and each of them, Plaintiffs have and will be forced to incur costs and expenses for prosecuting the present action, expert witness fees and attorney fees all in an amount not yet fully ascertained, but to be shown according to proof at trial.

64.   The aforementioned misconduct of defendants, and each of them, constituted intentional misrepresentations, deceit, and/or concealment of material facts known to the defendants, and each of them, thereby depriving Plaintiffs of property and legal rights, and otherwise causing her physical injury.

65.   As a direct result of the aforementioned misconduct of defendants, and each of them, Plaintiffs has directly sustained damages in the form of physical injury and other damages.  The full nature and extent of Plaintiffs' injuries and damages are not presently known and Plaintiffs requests leave to amend this Complaint at a later date to reflect the full nature and extent of their injuries and damages once determined.  Plaintiffs have further suffered damages relating to emotional distress suffered due to defendants' intentional misconduct.

66.   The fraudulent, deceitful, intentional, callous, willful, wanton and oppressive acts of defendants, and each of them, as set forth herein-above, are sufficient to warrant the imposition of punitive and exemplary damages against said defendants in an amount sufficient to punish and make an example of them.  The exact amount of such damages are presently unknown to Plaintiffs, but will be subject to proof at trial.

## SEVENTH CAUSE OF ACTION

### (NEGLIGENCE)

(Alleged Against All Defendants)

67.   Plaintiffs incorporate herein by reference all the allegations set forth in paragraphs 1 through 66, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

68.   Plaintiffs alleges that they were further injured due to negligent acts or omissions by an agent, representative or employee of defendants, and each of them.

-14-

**COMPLAINT FOR DAMAGES**

69.     As a direct and proximate result of the afore-described carelessness and negligence of the defendants, and each of them, Plaintiffs sustained the heretofore and hereinafter described injuries and damages.

70.     As a direct and proximate result of the negligence of the defendants, and each of them, Plaintiffs were seriously injured in health, strength and activity, sustaining injury to the body and shock and injury to the nervous system and person, all of which said injuries have caused, and continue to cause Plaintiffs great physical, mental and nervous pain, suffering and anguish, all to her general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law.  Accordingly, Plaintiffs will also seek prejudgment interest for all such damages.

71.     As a further direct and proximate result of the negligence of the defendants, and each of them, Plaintiffs were required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for him, and did incur medical and incidental expenses.  The exact amount of such expenses are unknown to Plaintiffs at this time, and Plaintiffs will ask leave to amend their Complaint to set forth the exact amount thereof when the same is ascertained.

72.     As a further direct and proximate result of the negligence of the defendants, and each of them, Plaintiffs sustained loss of earnings and earning capacity.  The exact amount of such loss is unknown to Plaintiffs at this time, and Plaintiffs will ask leave to amend their Complaint to set forth the exact amount thereof when the same is ascertained.


**WHEREFORE**, Plaintiffs pray as follows:

## **FIRST CAUSE OF ACTION**

1.      For the principal amount of the value of Plaintiffs' claim, subject to proof at trial;

2.      For legal interest on the sum of Plaintiffs' losses between the year 2018 and the present time, and continuing, according to proof;

3.      Plaintiffs' losses between the year 2018 and the present time, and continuing,

**COMPLAINT FOR DAMAGES**

according to proof;

4.   For damages for lost income, according to proof;

5.   For special damages, according to proof;

6.   For general damages, according to proof;

7.   For court costs, arbitration costs and attorney fees, according to proof;

8.   For pre-judgment interest;

9.   For such other and further relief as the court may deem just and proper.

## SECOND CAUSE OF ACTION

1.   For the principal amount of the value of Plaintiffs's claim, subject to proof at trial;

2.   For legal interest on the sum of Plaintiffs' losses between the year 2018 and the present time, and continuing, according to proof;

3.   Plaintiffs' losses between the year 2018 and the present time, and continuing, according to proof;

4.   For damages for lost income, according to proof;

5.   For special damages, according to proof;

6.   For general damages, according to proof;

7.   For court costs, arbitration costs and attorney fees, according to proof;

8.   For punitive damages, according to proof;

9.   For pre-judgment interest;

10.  For such other and further relief as the court may deem just and proper.

## THIRD CAUSE OF ACTION

1.   For the principal amount of the value of Plaintiffs' claim, subject to proof at trial;

2.   For legal interest on the sum of Plaintiffs' losses between the year 2018 and the present time, and continuing, according to proof;

3.   Plaintiffs' losses between the year 2018 and the present time, and continuing, according to proof;

**COMPLAINT FOR DAMAGES**

4.    For damages for lost income, according to proof;

5.    For special damages, according to proof;

6.    For general damages, according to proof;

7.    For court costs, arbitration costs and attorney fees, according to proof;

8.    For punitive damages, according to proof;

9.    For pre-judgment interest;

10.    For such other and further relief as the court may deem just and proper.

### FOURTH CAUSE OF ACTION

1.    For the principal amount of the value of Plaintiffs' claim, subject to proof at trial;

2.    For legal interest on the sum of Plaintiffs' losses between the year 2018 and the present time, and continuing, according to proof;

3.    Plaintiffs's losses between the year 2018 and the present time, and continuing, according to proof;

4.    For damages for lost income, according to proof;

5.    For special damages, according to proof;

6.    For general damages, according to proof;

7.    For court costs, arbitration costs and attorney fees, according to proof;

8.    For punitive damages, according to proof;

9.    For pre-judgment interest;

10.    For such other and further relief as the court may deem just and proper.

### FIFTH CAUSE OF ACTION

1.    For the principal amount of the value of Plaintiffs' claim, subject to proof at trial;

2.    For legal interest on the sum of Plaintiffs' losses between the year 2018 and the present time, and continuing, according to proof;

3.    Plaintiffs' losses between the year 2018 and the present time, and continuing, according to proof;

**COMPLAINT FOR DAMAGES**

4.   For damages for lost income, according to proof;

5.   For special damages, according to proof;

6.   For general damages, according to proof;

7.   For court costs, arbitration costs and attorney fees, according to proof;

8.   For punitive damages, according to proof;

9.   For pre-judgment interest;

10.   For such other and further relief as the court may deem just and proper.

## SIXTH CAUSE OF ACTION

1.   For the principal amount of the value of Plaintiffs' claim, subject to proof at trial;

2.   For legal interest on the sum of Plaintiffs' losses between the year 2018 and the present time, and continuing, according to proof;

3.   Plaintiffs' losses between the year 2018 and the present time, and continuing, according to proof;

4.   For damages for lost income, according to proof;

5.   For special damages, according to proof;

6.   For general damages, according to proof;

7.   For court costs, arbitration costs and attorney fees, according to proof;

8.   For punitive damages, according to proof;

9.   For pre-judgment interest;

10.   For such other and further relief as the court may deem just and proper.

## SEVENTH CAUSE OF ACTION

1.   For the principal amount of the value of Plaintiffs' claim, subject to proof at trial;

2.   For legal interest on the sum of Plaintiffs' losses between the year 2018 and the present time, and continuing, according to proof;

3.   Plaintiffs' losses between the year 2018 and the present time, and continuing, according to proof;

**COMPLAINT FOR DAMAGES**

4. For damages for lost income, according to proof;

5. For special damages, according to proof;

6. For general damages, according to proof;

7. For court costs, arbitration costs and attorney fees, according to proof;

8. For pre-judgment interest;

9. For such other and further relief as the court may deem just and proper.

## ALL CAUSES OF ACTION

1. For costs of suit incurred herein; and,

2. For such other and further relief as the court may deem just and proper.

Dated: January 14, 2020            THE NOVAK LAW FIRM, P.C.


By: _Sean Novak_____
     SEAN M. NOVAK
     Attorney for Plaintiffs
     JUDY EDWARDS and ARMOUR
     EDWARDS

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury with respect to all issues, claims for relief and damages pursuant to Rule 38(a) of the Federal Rules of Civil Procedure and the United States Constitution.


Dated: January 14, 2020            THE NOVAK LAW FIRM, P.C.


By: _Sean Novak_____
     SEAN M. NOVAK
     Attorney for Plaintiffs
     JUDY EDWARDS and ARMOUR
     EDWARDS

-19-

**COMPLAINT FOR DAMAGES**